Filed 3/24/25  P. v. Molina CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RAUL GARCIA MOLINA,<br><br>    Defendant and Appellant. | B337845<br>(Los Angeles County<br>Super. Ct. No. NA023660) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura Laesecke, Judge.  Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne and Allison H. Chung, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Raul Garcia Molina appeals from the denial of his resentencing petition under Penal Code[1] section 1172.6, previously numbered section 1170.95. He contends the jury instructions at his trial allowed the jury to convict him by imputing his confederate's implied malice to him. Based on the instructions given in this case, we conclude the jury necessarily convicted defendant under a theory of express malice. He therefore is ineligible for relief, and we affirm.

## BACKGROUND

### 1.    *Conviction and sentence*

As summarized in our decision from defendant's direct appeal, in March 1985, defendant and Macedonio Rodriguez attacked Manuel Garcia in a parking lot in Wilmington, and Garcia died from multiple stab wounds.[2]

Rodriguez was not apprehended until 1994. In 1995, defendant and Rodriguez were charged by information with murder, with an allegation that defendant personally used a knife in committing the offense. Defendant was tried later that same year.

Defendant's jury received the following instructions relevant to this appeal.

---

[1] Unspecified statutory citations are to the Penal Code.

[2] We provide these facts solely as context for the charge filed against defendant, recognizing factual summaries from appellate opinions "may not be used to determine a petitioner's eligibility at the prima facie stage" of a section 1172.6 proceeding. (*People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 (*Lee*).) The factual summary has no bearing on our resolution of the issues on appeal.

CALJIC No. 3.00 explained "principals in the crime" included "[t]hose who directly and actively commit the act constituting the crime" as well as "[t]hose who aid and abet the commission of the crime."

CALJIC No. 3.01 provided, "A person aids and abets the commission of a crime when he, [¶] (1) with knowledge of the unlawful purpose of the perpetrator and [¶] (2) with the intent or purpose of committing, encouraging, or facilitating the commission of the crime, by act or advice aids, promotes, encourages or instigates the commission of the crime."

CALJIC No. 8.10 set forth the elements of murder: "1. A human being was killed. [¶] 2. The killing was unlawful, and [¶] 3. The killing was done with malice aforethought."

CALJIC No. 8.11 provided, " 'Malice' may be either express or implied. [¶] Malice is express when there is manifested an intention unlawfully to kill a human being. [¶] Malice is implied when: [¶] 1. The killing resulted from an intentional act, [¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life."

CALJIC No. 8.70 stated, "Murder is classified into two degrees, and if you should find the defendant guilty of murder, you must determine and state in your verdict whether you find the murder to be of the first or second degree."

CALJIC No. 8.20 provided, "All murder which is perpetrated by any kind of willful, deliberate and premeditated killing with express malice aforethought is murder of the first degree." The instruction then defined "willful," "deliberate," and "premeditated."

3

CALJIC No. 8.30 provided, "Murder of the second degree is [also] the unlawful killing of a human being with malice aforethought when there is manifested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation."

The jury was not instructed on theories of felony murder or the natural and probable consequences doctrine, nor on any offense other than murder.

On July 27, 1995, the jury convicted defendant of second degree murder, but found the allegation that he personally used a knife not true. The trial court sentenced defendant to 15 years to life. We affirmed the judgment.

## 2. *Petition for resentencing*

On May 31, 2023, defendant filed a petition for resentencing under section 1172.6.[3] The People filed a response to the petition, arguing defendant was ineligible for relief because he had been convicted either as the actual killer or a direct aider and abettor, and not under a theory that imputed malice to him based on his participation in a crime. For reasons undisclosed in the record, the People incorrectly stated, "[Defendant] was convicted of both second-degree murder and attempted murder."

---

[3] This was defendant's second resentencing petition. The trial court denied his first petition, filed August 8, 2019, at the prima facie stage, and we affirmed. (*People v. Molina* (June 18, 2020, B301642) [nonpub. opn.].) At the hearing on defendant's second petition, the parties agreed defendant was entitled to file that petition given changes in the law since the court adjudicated his first petition, and the Attorney General does not argue otherwise in his respondent's brief. We accept this concession for purposes of this appeal.

4

Defendant filed a reply to the People's response, arguing under *People v. Langi* (2022) 73 Cal.App.5th 972 (*Langi*) and other authorities, the jury instructions allowed the jury to convict him for murder based on aiding and abetting an assault, and thus he was entitled to relief.

Following a hearing, the trial court concluded defendant had not made a prima facie showing for relief, and denied his petition. The court stated it was relying on the jury instructions at defendant's trial. The court stated that "attempted murder is a specific intent crime" for which the jury had to find "express malice." In regard to the second degree murder conviction, the court stated that "implied malice murder still exists," and based on the instructions the question presented to the jury was whether defendant aided and abetted murder, not any other crime.

Defendant timely appealed.

## DISCUSSION

### A.    Applicable Law and Standard of Review

Section 1172.6 provides a mechanism for defendants to seek retroactive resentencing if they could no longer be convicted of murder, attempted murder, or manslaughter under amendments to the Penal Code enacted in 2018. (See *Lee*, *supra*, 95 Cal.App.5th at p. 1173.) Relief is potentially available to, inter alia, people "convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).)

"If a petitioner makes a prima facie showing of relief under section 1172.6—that is, a showing that the petitioner was

5

convicted of murder, attempted murder, or manslaughter under a theory no longer valid under the amended Penal Code—the resentencing court must issue an order to show cause for an evidentiary hearing. (§ 1172.6, subd. (c); *People v. Hurtado* (2023) 89 Cal.App.5th 887, 891.)" (*Lee, supra,* 95 Cal.App.5th at p. 1174.) "If, however, the record of conviction or the court's own documents indicate the petitioner is ineligible for resentencing as a matter of law, the resentencing court may deny the petition without issuing an order to show cause." (*Ibid.*)

We review de novo whether a petitioner has made a prima facie showing. (See *Lee, supra,* 95 Cal.App.5th at p. 1174.)

## B. Defendant Is Ineligible for Resentencing as a Matter of Law

Defendant on appeal relies on *Langi*, which held the defendant made a prima facie showing for relief under former section 1170.95 because his jury instructions "create[d] an ambiguity under which the jury [could] find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice." (*Langi, supra,* 73 Cal.App.5th at pp. 982, 984.) Defendant argues the instructions in *Langi* had "the same wording" as the instructions given at his trial. As we shall explain, the instructions at defendant's trial materially differed from those in *Langi* and render him ineligible for resentencing as a matter of law.

### 1. Langi

At issue in *Langi* were CALJIC No. 8.31 and CALJIC No. 3.01. (*Langi, supra,* 73 Cal.App.5th at p. 981.) CALJIC No. 8.31, as given in *Langi*, "stated that a killing is a second degree murder if '1. The killing resulted from an intentional act,

6

[¶] 2. The natural consequences of the act are dangerous to human life, and [¶] 3. The act was deliberately performed with knowledge of the danger to, and with conscious disregard for, human life.  [¶] When the killing is the direct result of such an act, it is not necessary to prove that the defendant intended that the act would result in the death of a human being.' " (*Langi, supra*, at p. 981.)

CALJIC No. 3.01, as given in *Langi*, provided, " 'A person aids and abets the commission . . . of a crime when he or she: [¶] (1) With knowledge of the unlawful purpose of the perpetrator, and [¶] (2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, . . . [¶] (3) By act or advice aids, promotes, encourages or instigates the commission of the crime.' " (*Langi, supra*, 73 Cal.App.5th at p. 981.)

The *Langi* court observed, because CALJIC No. 8.31, as given, did not require the direct perpetrator to "act with the unlawful intent of causing death," his "unlawful purpose," as the term is used in CALJIC No. 3.01, "may have been only to strike or to injure, or conceivably only to embarrass, the victim." (*Langi, supra*, 73 Cal.App.5th at p. 982.)  "Since the perpetrator's purpose need not have been to kill the victim, the aider and abettor's knowledge of that purpose similarly need not have been knowledge that the perpetrator aimed to kill.  If the perpetrator need not have had 'murderous intent,' certainly the aider and abettor need not have had such an intent." (*Id.* at pp. 982–983.)

The court acknowledged that, even absent an intent to kill, under CALJIC No. 8.31 the direct perpetrator could be guilty of murder under a theory of implied malice if he "acted with conscious disregard for human life." (See *Langi, supra,*

7

73 Cal.App.5th at p. 983.) That "conscious disregard" requirement, however, did not appear in CALJIC No. 3.01. (*Langi*, *supra*, at p. 983.) "Thus, under the instructions that were given, the jury was entitled to conclude that, to be guilty as an aider and abettor of second degree murder, appellant need only have intended to encourage the perpetrator's intentional act—in this case, punching [the victim]—whether or not appellant intended to aid or encourage [the victim's] killing, and whether or not he personally knew of and disregarded the risk of such a killing." (*Ibid.*)

The court concluded, "Because the record of conviction does not conclusively negate the possibility that the jury found appellant guilty of second degree murder by imputing to him the implied malice of the actual killer, without finding that he personally acted 'with knowledge of the danger to, and with conscious disregard for, human life' (CALJIC No. 8.31), an evidentiary hearing is required." (*Langi*, *supra*, 73 Cal.App.5th at p. 984.)

### 2. *Analysis*

Because the jury found the allegation that defendant personally used a knife not true, we accept for purposes of this appeal that the jury convicted him as an aider and abettor, not as the actual perpetrator of the murder. That being said, there is a crucial and dispositive distinction between the instructions in *Langi* and those given to defendant's jury. Although defendant's jury was instructed on aiding and abetting under CALJIC No. 3.01, the jury was not instructed with CALJIC No. 8.31, defining implied malice second degree murder. Instead, defendant's jury was instructed with CALJIC No. 8.30, which defined second degree murder as "the unlawful killing of a

8

human being with malice aforethought when there is manifested an intention unlawfully to kill a human being but the evidence is insufficient to establish deliberation and premeditation." Thus, the only instruction on second degree murder defendant's jury received required a finding of intent to kill, i.e., express malice.

In light of this instruction, the verdict of second degree murder indicates the jury necessarily found the perpetrator acted with intent to kill. (*People v. Love* (2025) 107 Cal.App.5th 1280, 1290 ["We presume that the jury understood and followed the court's instructions in reaching its verdict."].) To the extent the jury found defendant guilty as an aider and abettor under CALJIC No. 3.01, therefore, the jury necessarily found he knew the "unlawful purpose" of the perpetrator, i.e., that the perpetrator was acting with intent to kill, and defendant intentionally "aid[ed], promote[d], encourage[d] or instigate[d]" the murderous act. The possibility identified in *Langi* that the jury might impute the perpetrator's *implied* malice to the aider and abettor did not exist under these instructions.

It is true defendant's jury was instructed generally on principles of implied malice under CALJIC No. 8.11, but unlike in *Langi*, no instruction tied those principles to particular degrees of murder. The malice instructions may have suggested to the jury that murder as a general matter could be established under an implied malice theory, but no instruction allowed them to convict defendant of *second degree* murder without a finding of intent to kill. Because the jury specifically convicted defendant of second degree murder, the record of conviction in this case establishes as a matter of law defendant was convicted under a theory of express malice, and he therefore is ineligible for resentencing.

9

Defendant argues the trial court denied his petition based on the erroneous conclusion he had been convicted of attempted murder.  He also suggests the trial court improperly relied on the factual summary from the decision in defendant's direct appeal.  Assuming arguendo the trial court erred in either regard, the error was harmless given defendant's ineligibility for relief.  (See *People v. Farfan* (2021) 71 Cal.App.5th 942, 957 [trial court's misreading of record of conviction immaterial when defendant was ineligible for relief under former section 1170.95 as a matter of law].)  Indeed, defendant's sole argument against harmless error is that under *Langi* he is eligible for relief, an argument we have rejected.

## DISPOSITION

The order is affirmed.
NOT TO BE PUBLISHED.

BENDIX, J.

We concur:

ROTHSCHILD, P. J.

M. KIM, J.

10